# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MC CLURE, | Case No. 1:14-cv-00932-SKO (PC) |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| C. K. CHEN, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## First Screening Order

### I.  Screening Requirement and Standard

Plaintiff George Mc Clure, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 4, 2014.[1]  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

---

[1] Plaintiff alleges that systemic deliberate indifference has reached "the point of requiring 'class action status.'" (Doc. 1, Comp., court record p. 11.)  However, while Plaintiff is entitled to represent himself in federal court, 28 U.S.C. § 1654, "[t]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities," *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *accord C. E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 609 (S.D.Cal. 2014).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.     Discussion**

    **A.     Summary of Facts**

Plaintiff, who is presently incarcerated at the California Institution for Men in Chino, brings this action against staff at North Kern State Prison for acting with deliberate indifference to his health and safety, in violation of the Eighth Amendment of the United States Constitution. Plaintiff alleges that he has a long seizure disorder history which requires that he be housed on a lower tier in the lower bunk. Despite his lower tier/lower bunk medical chrono, Plaintiff was housed upstairs and on or around June 9, 2011, he suffered a seizure which caused the retina in his

left eye to detach. Although Plaintiff repeatedly complained about his injury, medical staff failed to provide with him with appropriate, timely medical care for approximately two months and he did not have surgery until August 18, 2011. Plaintiff alleges that he lost the sight in his left eye and as a result of the delay in treatment, his vision is 20/300 at best.

### B. Eighth Amendment Claims

#### 1. Legal Standard

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. *Morgan*, 465 F.3d at 1045 (citing *Rhodes*, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. *Morgan*, 465 F.3d at 1045 (quotation marks and citations omitted); *Hope v. Pelzer*, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); *Rhodes*, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

///

///

### 2. Subjective Element – Insufficient Facts Pled

Plaintiff's allegations are sufficient to demonstrate the existence of objectively serious risks of harm to his safety and/or health. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014); *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074-76 (9th Cir. 2013); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). More tenuous, however, are Plaintiff's allegations regarding subjective knowledge and the causal connection between each defendant and the violation of his rights. Prison officials may be held liable under the Eighth Amendment for denying humane conditions of confinement only if they knew Plaintiff faced a substantial risk of harm and they disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 837. Moreover, Plaintiff must allege facts demonstrating "that the defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire*, 726 F.3d at 1074. Broad allegations such as "[e]ach defendant had personal knowledge and professional knowledge of the injuries the plaintiff suffered from" will not suffice to supply the specific facts necessary to state a claim against each named defendant. (Doc. 1, Comp., court record p. 7.)

#### a. Disregard of Lower Tier/Lower Bunk Chrono

To the extent Plaintiff seeks to pursue an Eighth Amendment claim based on the improper assignment to an upper tier, he must allege facts linking one or more staff members to actions or omissions demonstrating they knew of and disregarded the risk to his safety, resulting in harm. *Id.* Plaintiff's complaint is devoid of *any* factual linkage between his claim and actions or omissions of individual staff members. Plaintiff may not proceed on a generalized claim against staff as a group and based on this deficiency, he fails to state a claim under section 1983 arising from his assignment to an upper tier.

#### b. Eye Injury

With respect to Plaintiff's eye injury, Plaintiff discusses Physician's Assistant Horton; Doctors Schaeffer, Chen, and Patel; Chief Physician and Surgeon Christopher Smith; Chief Executive Officer Lawrence Fong; and Medical Appeals Chief L. D. Zamora in his complaint. Although Plaintiff only specifically identified Chen and Zamora as defendants, he alleges there are additional defendants; and Horton, Schaeffer, Patel, Smith, and Fong are presumably defendants

4

despite lack of explicit identification as such. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014) (citing *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983)) (party may be properly in case if allegations make it plain party is intended as a defendant). (Comp., § III p. 2 & p. 7.)

### 1) **Defendants Horton and Schaeffer**

Plaintiff's complaint lacks facts supporting a claim against Defendants Horton and Schaeffer. Although both defendants allegedly saw him after his fall, there is inadequate factual support to underpinning a claim that they knowingly disregarded Plaintiff's need for medical care, resulting in permanent harm to his left eye.

### 2) **Defendant Chen**

Defendant Chen was Plaintiff's primary care provider. Plaintiff alleges that on June 16, 2011, he saw Defendant Chen but "this individual did nothing but request a follow-up in six weeks." (Comp., p. 6.) Plaintiff alleges Defendant Chen knew of his fall and his serious vision problems but these "fact[s] meant nothing to this doctor." (*Id.*) It is not clear from these conclusory allegations what transpired during the appointment, and determining whether Defendant Chen acted with deliberate indifference by doing nothing other than scheduling a follow-up appointment depends on facts which are not pled. *See Wilhelm*, 680 F.3d at 1122-23 (neither inadvertent failure to provide adequate medical care nor mere disagreement with chosen course of treatment states a claim). While the Court is mindful that Plaintiff's allegations must be liberally construed, *Blaisdell*, 729 F.3d at 1241, the Court will neither "supply essential elements of the claim that were not initially pled," *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014), nor "indulge unwarranted inferences," *Doe I*, 572 F.3d at 681.

### 3) **Defendant Patel**

Next, Defendant Patel ordered an optometry evaluation on July 11, 2011, but "nothing was noted in the plaintiff's UHR (unit health record) for medical care." (Comp., p. 6.) This conclusory allegation does not give rise to a claim for relief against Defendant Patel for violating Plaintiff's rights under the Eighth Amendment.

///

### 4) **Defendants Smith, Fong, and Zamora**

Finally, Defendants Smith and Fong apparently responded to Plaintiff's inmate appeal approximately one year after his injury and belated surgery.[2] Although Plaintiff was dissatisfied with their responses, the existence of an inmate appeals process does not create any substantive rights and therefore, Plaintiff's mere disagreement with Smith and Fong's appeal responses is not redressable under section 1983. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Moreover, their involvement in reviewing his appeals approximately one year after the events in question provides no basis for liability against them under the Eighth Amendment. *Iqbal*, 556 U.S. at 676-77; *Lemire*, 726 F.3d at 1074-75; *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); *see also Peralta v. Dillard*, 744 F.3d 1076, 1086-87 (9th Cir. 2014).

Defendant Zamora is the Chief of Medical Appeals and Plaintiff alleges that her job was to evaluate his medical complaints and treatment history, but she did not do so and she rarely does so. This allegation does not suffice to state a claim against Defendant Zamora for acting with deliberate indifference toward Plaintiff's medical needs. As stated above, the existence of the appeals process does not itself create any substantive rights, *Ramirez*, 334 F.3d at 860, and involvement in reviewing an inmate's administrative appeal does not necessarily demonstrate awareness of alleged violation, *Peralta*, 744 F.3d at 1086-87. To state a claim under section 1983, Plaintiff must allege facts demonstrating a causal connection between Defendant Zamora's actions or omissions and the harm he suffered. *Lemire*, 726 F.3d at 1074-75.

### III. **Conclusion and Order**

Plaintiff's complaint fails to state a claim under section 1983 for violation of the Eighth Amendment. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

---

[2] It is unclear if Plaintiff erred with respect to dates, but the Court must accept his allegations as pled and he alleges he was injured in June 2011, he had surgery in August 2011, Defendant Smith responded to his inmate appeal in July 2012, and Defendant Fong responded to his appeal in August 2012.

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each defendant did that led to the deprivation of Plaintiff's federal rights; liability may not be imposed under a theory of *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ," *Twombly*, 550 U.S. at 555 (citations omitted), and tangential involvement in the underlying violation does not suffice to support a claim for relief, *e.g.*, *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Lemire*, 726 F.3d at 1074-75. Finally, an amended complaint supercedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint not to exceed twenty-five pages; and
4. Failure to file an amended complaint in compliance with this order will result in dismissal of this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **January 5, 2015**            /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

7