# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE,<br><br>        Plaintiff,<br><br>  vs.<br><br>C.K. CHEN, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00932 DAD DLB PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PENDING RESOLUTION OF EXHAUSTION MOTION**<br><br>[ECF No. 31] |

      Plaintiff George McClure is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      On March 25, 2016, Defendants filed a motion for summary judgment for failure to exhaust the available administrative remedies.  On April 8, 2016, Defendants filed a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to stay all discovery in this matter, including discovery that may have been propounded, until the Court rules on Defendants' motion for summary judgment.  Plaintiff did not file an opposition.  The motion is submitted upon the record without oral argument pursuant to Local Rule 230(l).

///

///

**DISCUSSION**

Defendants seek to stay discovery pending resolution of their exhaustion motion. The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners, LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue).

The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and Defendants are entitled to move for judgment on the issue. Albino, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to some or all of Plaintiff's claims in this action, which would obviate the need for discovery as to those claims. Gibbs, 2014 WL 172187, at *3. Moreover, "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino, 747 F.3d at 1170. In this case, the Court finds good cause to stay discovery in this matter.

///
///
///
///

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion for a protective order, filed on April 8, 2016, is GRANTED; and

2. Discovery is stayed pending resolution of Defendants' exhaustion motion.

IT IS SO ORDERED.

Dated:   **May 11, 2016**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE