# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE, | 1:14-cv-00932-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE GRANTED** |
| v. | **(ECF No. 28.)** |
| C. K. CHEN, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS** |

## I.    BACKGROUND

Plaintiff George McClure ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 4, 2014.  (ECF No. 1.)  This case now proceeds with Plaintiff's First Amended Complaint filed on February 9, 2015, against Defendants C. K. Chen (M.D.) and C. Horton (Physician's Assistant) ("Defendants") on Plaintiff's medical claim under the Eighth Amendment.  (ECF No. 12.)

On March 25, 2016, Defendants filed a motion for summary judgment.  (ECF No. 28.)  On June 20, 2016, Plaintiff filed an opposition.[1]  (ECF No. 37.)  On June 27, 2016, Defendants filed a reply to the opposition.  (ECF No. 40.)

---

[1] Concurrently with his motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion.  Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).  (ECF Nos. 28-1, 32-1.)

Defendants move the Court for summary judgment on the grounds that: (1) Plaintiff fails to state a claim for medical deliberate indifference under the Eighth Amendment; (2) Plaintiff failed to exhaust administrative remedies prior to filing suit; and (3) Defendants are entitled to qualified immunity.

The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*), and for the reasons that follow, the Court recommends that Defendants' motion be granted on the ground that Plaintiff failed to exhaust administrative remedies.

## II.    SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT[2]

Plaintiff is currently incarcerated at the California Institution for Men in Chino, California, under the custody of the California Department of Corrections and Rehabilitation (CDCR).  The events giving rise to this action allegedly occurred at Kern Valley State Prison[3] (KVSP) in Delano, California, when Plaintiff was incarcerated there.

Plaintiff alleges the following.  Plaintiff is an epileptic with a long and documented history of seizures.  Upon arriving at KVSP, Plaintiff informed medical staff of his medical needs and had a discussion with the screening nurse.  Under CDCR's medical policies, epileptic inmates are not housed upstairs due to the seizures and obvious dangers of placing these inmates on an upper tier or upper bunk.  Plaintiff has a lower tier/lower bunk chrono that prohibits staff from housing him illegally.  However, Plaintiff was housed on an upper tier.

Plaintiff suffered a fall causing a serious head injury and loss of vision in his left eye. Plaintiff submitted two or three medical requests to be seen and correct his living situation. Plaintiff saw Physician's Assistant Horton, but nothing was done to abate the danger Plaintiff

---

[2] Plaintiff's First Amended Complaint is verified and his allegations constitute evidence where they are based on his personal knowledge of facts admissible in evidence.  Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004).  The summarization of Plaintiff's claim in this section should not be viewed by the parties as a ruling that the allegations are admissible.  The Court will address, to the extent necessary, the admissibility of Plaintiff's evidence in the sections which follow.

[3] Plaintiff refers to NKSP (North Kern State Prison) in the First Amended Complaint as his place of incarceration during the events at issue.  (ECF No. 12.)  However, Defendants assert that Plaintiff was actually housed at Kern Valley State Prison in 2011, where Defendants Chen and Horton were both employed at the time. (ECF No. 5 n.1.)  Plaintiff's medical records confirm that he was at Kern Valley State Prison (KVSP) when the events at issue occurred.  (E.g., ECF No. 28-3 at 9, 14, 20, 21.)  With this evidence, it appears certain that Plaintiff was incarcerated at KVSP during the relevant time.

was in.  Defendant Horton did not remove Plaintiff from his housing, and Plaintiff was not given any consultation with another staff member to be removed from harm's way.

Plaintiff then saw Doctor C. K. Chen, who is Plaintiff's doctor.  Plaintiff informed Dr. Chen of his injuries.  Dr. Chen did not have any tests or x-rays done to evaluate Plaintiff's condition, did not order any specialist to diagnose Plaintiff's condition, and did not provide anything for Plaintiff's pain.  Most importantly, Defendant Chen did not remove Plaintiff from his dangerous housing situation.  Dr. Chen told Plaintiff to go back to his cell and come back in six weeks.

Once Plaintiff finally saw a specialist the specialist ordered an urgent consultation with an eye surgeon.  Defendants denied Plaintiff the necessary eye surgery requested by the eye specialist.  Had Plaintiff received the surgeries he required he would have his eyesight.  Instead, long delays and refusals to treat caused Plaintiff unnecessary suffering and loss of vision in his left eye.

Each of the Defendants was aware of Plaintiff's medical condition because Plaintiff told them about it, and they had Plaintiff's medical file in front of them when speaking to Plaintiff. Plaintiff told them he could not see out of his left eye and had a serious head injury.  Plaintiff told the Defendants he was being housed against medical orders, but nothing was done by either Defendant to remove him from a knowingly dangerous living situation.

It took over two months to treat Plaintiff, causing him to lose vision in his left eye.  His last eye test revealed 3/300 vision.

Plaintiff seeks monetary damages.

## III.    SUMMARY JUDGMENT BASED ON EXHAUSTION

### A.    Legal Standards

#### 1.    Statutory Exhaustion Requirement

Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners

are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 993 (2002).

An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion requirement.  Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).  When an inmate's administrative grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as "effectively unavailable."  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available).

## 2.   California Department of Corrections and Rehabilitation (CDCR) Administrative Grievance System

The Court takes judicial notice of the fact that the State of California provides its prisoners and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."  Cal.Code Regs. tit. 15 § 3084.1(a).   The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).

At the time of the events giving rise to the present action, California prisoners were required to submit appeals within thirty calendar days of the event being appealed, and the process was initiated by submission of the appeal at the first level.   Id. at §§ 3084.7(a), 3084.8(c).  Three levels of appeal are involved, including the first level, second level, and third

level.[4]  Id. at § 3084.7.  The third level of review exhausts administrative remedies.  Id. at § 3084.7(d)(3).  Since 2008, medical appeals have been processed at the third level by the Office of Third Level Appeals for the California Correctional Health Care Services.  Since the 2011 revision, in submitting a grievance, an inmate is required to "list all staff members involved and shall describe their involvement in the issue."  Cal.Code Regs. tit. 15, § 3084.2(3).  Further, the inmate must "state all facts known and available to him/her regarding the issue being appealed at the time," and he or she must "describe the specific issue under appeal and the relief requested."  Cal.Code Regs. tit. 15, §§ 3084 .2(a)(4).

In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.  Woodford, 548 U.S. at 85 (2006); McKinney, 311 F.3d. at 1199-1201.

### 3.    Motion for Summary Judgment for Failure to Exhaust

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion.  Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling Wyatt with respect to the proper procedural device for raising the affirmative defense of exhaustion under § 1997e(a).  Albino v. Baca ("Albino II"), 747 F.3d 1162, 1168–69 (9th Cir. 2014) (en banc).  Following the decision in Albino II, defendants may raise exhaustion deficiencies as an affirmative defense under § 1997e(a) in either (1) a motion to dismiss pursuant to Rule 12(b)(6)[5] or (2) a motion for summary judgment under Rule 56.  Id.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by § 1997e(e).  Jones, 549 U.S. at 223–24; Lira v. Herrrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

///

---

[4] The third level is sometimes known as the Director's level.

[5] Motions to dismiss under Rule 12(b)(6) are only appropriate "[i]n the rare event a failure to exhaust is clear on the face of the complaint."  Albino II, 747 F.3d at 1162.

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted.")  A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  The Court may consider other materials in the record not cited to by the parties, but is not required to do so.  Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).   In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party."  Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).  The Court must liberally construe Plaintiff's filings because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino II, 747 F.3d at 1172.  If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id.  The ultimate burden of proof remains with defendants, however.  Id.  "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

///

**B.**     **Defendants' Facts**

Defendants submitted the following facts in support of their motion based on Plaintiff's failure to exhaust of administrative remedies.

Plaintiff did not have a single custodial appeal go the third level of review from the year 2011 through January of 2015 from any institution at which he was housed, KVSP or otherwise, therefore could not have exhausted by means of a custodial appeal.  (M. Voong Decl. ¶¶ 5-7.)

A log of Plaintiff's health care appeals records show that he filed a total of five health care appeals while housed at KVSP, all of which are dated in the year 2011.  (Robinson Decl., ¶ 9.)   These health care appeals are identified by the following log numbers: KVSP-HC-11029706,  KVSP-HC-11029840,  KVSP-HC-11029679,  KVSP-HC-11031927,  KVSP-HC-11029624. (Robinson Decl., ¶ 9.)   Three of these appeals - KVSP-HC-11029840, KVSP-HC-11029679, KVSP-HC-11029624 - were cancelled, denied, or rejected before they were subject to review at the third and final level, which means the administrative remedies were not exhausted with respect to these appeals.  (Robinson Decl., ¶ 10-12; Cal. Code Regs. tit. 15, § 3084.1(b) "all appeals are subject to a third level of review . . . before administrative remedies are deemed exhausted.")   Of the remaining two appeals, KVSP-HC-11029706 was subject to review at the third level, yet it is a request for medication unrelated to Plaintiff's eye issue, therefore does not exhaust the claims in this case, and KVSP-HC-11031927 was granted at the first level after Plaintiff's request for an eye appointment was fulfilled.  (Robinson Decl., Exhs. B, E.)  Of the five health care appeals, KVSP-HC-11031927 and KVSP-HC-11029840 were the appeals that involved eye or vision issues. (Robinson Decl., ¶¶ 11-12.)

Health care appeal KVSP-HC-11029840 was received on July 6, 2011. (Exhibit C of Robinson Decl., ¶ 11.)  In that appeal Plaintiff asked to see an eye specialist because he was having issues seeing from his left eye.  (Robinson Decl., ¶ 11, Exh. C.)  This appeal was partially granted at the first stage and Plaintiff was referred to an optometrist on July 11, 2011 with no conclusive results. (Robinson Decl., ¶ 11.)  This appeal was filed before Plaintiff was first seen by Dr. Chen for vision problems on July 28, 2011, therefore could not have been an

appeal of Dr. Chen's conduct.  The content of this appeal also does not concern a complaint about Dr. Chen, C. Horton, nor does he allege that they denied or refused to treat his eye problem.  (*See* Robinson Decl., Exh. C.)  This appeal was ultimately cancelled at the second level, therefore did not exhaust all levels of the administrative process.  (Robinson Decl., ¶ 11; Cal. Code Regs. tit. 15, § 3084.1(b) "[A] cancellation or rejection decision does not exhaust administrative remedies.").

Health Care appeal KVSP-HC-11031927 was granted at the first level and did not progress to any other level of review.  (Robinson Decl., ¶ 12.)  In this appeal, Plaintiff asked to see an eye specialist again in order to "discuss eye issues."  This appeal was received on August 11, 2011, and records show that Plaintiff had already been seen by a specialist the day before, when he was diagnosed with retinal detachment.  (Robinson Decl., ¶ 12, Exh. E.)  At that point, Plaintiff was scheduled to undergo retinal surgery in a matter of days, on August 18, 2011.  (Robinson Decl., ¶ 12, Exh. E.)  Plaintiff claimed in his appeal that it had been "a month" since he asked to be seen by an eye specialist, and in his complaint he generously alleged that his treatment was delayed "two months," yet a summary of Plaintiff's treatment in the memorandum of the first level appeal response, dated September 13, 2011, proves that Plaintiff is incorrect.  (*See* Robinson Decl., Exh. E; Amended Complaint, ECF No. 12, p. 10.)  In the "Appeal Response" section of the memorandum, it shows that Plaintiff received continual treatment more than once each week from the first week of August 2011 through September 2011.  (*See* Robinson Decl., Exh. E.)  A week did not go by where Plaintiff was not being seen by a specialist, meeting with a prison physician, or receiving surgery.  (*See* Robinson Decl., Exh. E.)  Thus, Plaintiff's appeal was moot because he was already being treated at the time.  Nonetheless, the institution granted his request to see an eye specialist once more.  (*See* Robinson Decl., Exh. A).  This appeal, like the one before it, also fails to allege that Dr. Chen, C. Horton, or any other staff member for that matter, denied or refused treatment, therefore does not exhaust the claims presented in this case.  (*See* Robinson Decl., Exh. E.)  Plaintiff did not file any other appeals from Kern Valley State Prison in 2011.  (Robinson Decl., ¶ 13.)

Plaintiff filed a health care appeal in 2012 when he was housed in Mule Creek State Prison (MCSP) - appeal log no. MCSP-HC-1204622. (Robinson Decl., ¶ 13, Exh. G.) In this appeal Plaintiff requested cataract surgery for his eye and complained that he did not notice an improvement in his vision after the retinal surgery. (Robinson Decl., Exh. G.) Plaintiff also requested that the medical staff at MCSP be disciplined. (Robinson Decl. ¶ 14.) This appeal was denied at the third level because Plaintiff failed to show that any of the staff had failed to treat him or denied him medical attention, and Plaintiff was informed by his physician that not all injuries can be "100% cured." (Level HC Appeal Letter dated September 21, 2012, Robinson Decl. ¶ 14, Exh. G.)

C.   **Defendants' Motion**

Defendants argue that Plaintiff failed to exhaust his administrative remedies for his medical claim against Dr. Chen and Physician's Assistant Horton, because Plaintiff did not file a custodial or health care appeal claiming that Defendant Chen or Defendant Horton, or any medical staff at KVSP, deliberately refused to treat Plaintiff for eye injuries or delayed his treatment. Defendants' evidence includes the declarations of Defendant C. K. Chen, Defendant C. Horton, M. Voong (Chief of CDCR's Office of Appeals), and R. Robinson (Chief of the Inmate Correspondence and Appeals Branch, California Correctional Health Care Services (CCHCS)). (ECF Nos. 28-3, 28-4, 28-5, 28-6.) Attached to Voong's declaration is a CDCR record showing all of Plaintiff's non-medical appeals submitted to the Third Level of review as of March 16, 2016. (ECF No, 28-5, Exh. A.) Attached to Robinson's declaration is a CCHCS record showing, inter alia, all of Plaintiff's medical, dental, and mental health care appeals originating from KVSP and submitted to the Third Level of review during 2011. (ECF No. 28-6 at Exh. A.) The exhibits to Robinson's declaration also contain, inter alia, copies of all health care appeals filed by Plaintiff at KVSP in 2011, as well as one health care appeal filed by Plaintiff at Mule Creek State Prison in 2012. (ECF No. 28-6, Exhs. B-G.)

Based on Defendants' arguments and evidence in support of their motion for summary judgment based on failure to exhaust, the Court finds that Defendants have met their burden to prove that there was an available administrative remedy, and that the prisoner did not exhaust

that available remedy.   Therefore, the burden now shifts to Plaintiff to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him.

### D.   <u>Plaintiff's Opposition</u>

In opposition, Plaintiff argues that he exhausted his remedies with appeal number KVSP-34-11-11231 (also identified in prison records as KVSP-HC-11029840)[6] and health care appeal number KVSP-HC-11031927.   Plaintiff concedes that neither of these appeals was reviewed at the Third Level of review, but Plaintiff argues that he was not required to proceed past the First Level because the appeals were granted at the First Level and there was no need to appeal any further.   Plaintiff's evidence consists of his verified declaration, copies of medical records, and copies of appeals KVSP-34-11-11231 (KVSP-HC-11029840) and KVSP-HC-11031927.   (ECF No. 39.)

In his declaration, Plaintiff states that he saw Dr. Chen on June 16, 2011 and informed Dr. Chen of his blurred vision and fading vision in his left eye.   (McClure Decl., ECF No. 39 at ¶5.)   Dr. Chen told Plaintiff he would refer Plaintiff to a specialist since it was beyond his expertise.   (<u>Id.</u>)   On June 29, 2011, Plaintiff filed a 602-HC health care grievance because he had not seen an eye specialist.   (<u>Id.</u> ¶7.)   On July 28, 2011, Plaintiff saw Dr. Chen again and asked to see an eye specialist, and Dr. Chen promised to refer him.   (<u>Id.</u> ¶8.)   On August 3, 2011, Plaintiff filed another 602-HC form asking to see an eye specialist.   (<u>Id.</u> ¶9.)

Plaintiff's Exhibit A is a medical record dated June 9, 2011, of a visit with unidentified medical personnel, during which Plaintiff complained of blurry vision after a fall.   (ECF No. 39 at 5.)   Exhibit B is a Physician's Order for Medication to Pharmacy dated June 16, 2011 and signed by Dr. Chen, noting the intent to follow up on medication and Plaintiff's seizure disorder in six weeks.   (<u>Id.</u> at 9.)   Exhibit C is a copy of a Health Care Services Request Form dated June 29, 2011, in which Plaintiff requests immediate care by an eye doctor because

///

---

[6] ECF No. 28-6 at 13 (appeal KVSP HC 1102980 is also identified as Institution Log #KVSP-34-11-11231).

"[s]omething serious is happening with my left eye where I can't see out of it." (Id. at 11.) Plaintiff was seen by a Nurse on July 10, 2011 and referred to Optometry for evaluation. (Id.)

Exhibit D is a copy of appeal KVSP 43-11-11231 (KVSP-HC-34-11029840), submitted by Plaintiff on June 29, 2011, requesting to see the eye doctor right away. (Id. at 13.) In the appeal, Plaintiff states that he "thought Dr. Pitel was going to refer me over to the Optical Eye Doctor to find out what's going on." (Id.) The appeal was granted at the First Level of review on August 11, 2011. (Id.) Plaintiff submitted the appeal to the Second Level on August 24, 2011, stating that he was not satisfied that it took so long to see the Eye Specialist, and he is still blind in his left eye. (Id. at 14.) The appeal was not reviewed at the Second Level. (Id.)

Exhibit E is a copy of appeal KVSP-HC-11031927, submitted by Plaintiff on August 3, 2011, complaining that he still has not been seen by the Specialist for his eye a month after his seizure. (Id. at 16.) Plaintiff states that he is totally blind in his left eye and needs a specialist to look at his eye. (Id.) The appeal was granted at the First Level of review on September 16, 2011 and was not submitted to the Second Level. (Id. at 17.)

### E.   **Discussion**

This case now proceeds only against Defendants Dr. C. K. Chen and Physician's Assistant C. Horton, on Plaintiff's Eighth Amendment claim for inadequate medical care at KVSP in 2011.

Plaintiff argues that even though he did not complete the Third Level of review, he exhausted his remedies with appeals KVSP-34-11-11231 (KVSP-HC-34-11029840) and KVSP-HC-11031927, because the appeals were granted and he was not required to proceed to a higher level of review. Plaintiff relies on Harvey v. Jordon, which holds that "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." Harvey v. Jordon, 605 F.3d 681, 685 (9th Cir. 2010.) However, due to the scope of these two appeals, even if the appeals had been completed to the Third Level of review, the Court finds that they do not exhaust Plaintiff's remedies in this case.

The basic question is whether Plaintiff exhausted his administrative remedies before bringing this suit. Plaintiff does not dispute that he filed a total of five health care appeals

while housed at KVSP, all dated in the year 2011 -- KVSP-HC-11029706, KVSP-34-11-11231 (KVSP-HC-34-11029840), KVSP-HC-11029679, KVSP-HC-11031927, and KVSP-HC-11029624. Nor does Plaintiff dispute that appeals KVSP-HC-11029679 and KVSP-HC-11029624 were cancelled, denied, or rejected before they were subject to review at the third and final level, which means the administrative remedies were not exhausted with respect to these appeals. Further, Plaintiff does not dispute that KVSP-HC-11029706 was subject to review at the third level, yet it is a request for medication unrelated to Plaintiff's eye issue and therefore does not exhaust the claims in this case. Finally, Plaintiff does not dispute that the appeal he filed at MCSP did not exhaust his remedies in this case.

This leaves only two appeals in question -- KVSP-34-11-11231 (KVSP-HC-34-11029840 and KVSP-HC-11031927 – and these are the two appeals that Plaintiff argues were exhausted even though he did not complete the Third Level of review.

Even if Plaintiff had exhausted his remedies for these two appeals, the decisive issue is one of scope: Are Plaintiff's claims against Dr. Chen and C. Horton in the First Amended Complaint addressed by Plaintiff in either of these appeals? The scope inquiry relates to the underlying purposes of the exhaustion doctrine. The Ninth Circuit has explained, "Requiring exhaustion provides prison officials a 'fair opportunity to correct their own errors' and creates an administrative record for grievances that eventually become the subject of federal court complaints." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (quoting Woodford, 548 U.S. at 657). Consequently, as a general rule, "[a] grievance . . . need not contain every fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); accord Schoppe-Rico v. Horel, 2012 WL 4477983, *3 (N.D. Cal. 2012). "[I]t is the prison's requirements," however, "and not the PLRA, that define the boundaries of proper exhaustion." Jones, 549 U.S. at 218. Governing California regulations confine a grievance to the matters and personnel named in the first-level grievance. Cal. Code Regs. tit. 15, § 3084.1(b). Moreover, "[t]he inmate is limited to one issue or related set of issues per . . . [grievance] form submitted." Id. at § 3084.2(a)(1).

The regulations direct the inmate filing a grievance to "describe the specific issue under appeal and the relief requested." Id. at § 3084.2(a). "The inmate . . . shall state all facts known and available to him/her regarding the issue being appealed . . . ." Id. at § 3084.2(a)(4). Furthermore, "[t]he inmate . . . shall list all staff member(s) involved and shall describe their involvement in the issue . . . . [T]he inmate . . . shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal." Id. at § 3084.2(a)(3). Matters and personnel not described in the first-level grievance form are outside the grievance's scope.

These rules, taken together with the content of Plaintiff's appeals and the allegations in his First Amended Complaint, lead the Court to conclude that Plaintiff's appeals KVSP-34-11-11231 (KVSP-HC-34-11029840) and KVSP-HC-11031927 are confined to the issue that he needs to see the Eye Specialist to examine his left eye and determine what is happening with his eyesight. In the appeals, Plaintiff complains that it is taking a long time for him to be referred to the Eye Specialist, but he does not mention Dr. Chen or C. Horton nor describe their involvement in the alleged deficient medical care. In appeal KVSP-34-11-11231 (KVSP-HC-34-11029840), Plaintiff states that he thought Dr. Pitel was going to refer him to the eye specialist, but there is nothing in either of the appeals that would alert the prison that Plaintiff had problems with Dr. Chen and C. Horton in order to facilitate a resolution. Moreover, the only action requested by Plaintiff is to be seen by an eye specialist. Therefore, Plaintiff's appeals do not address the claims against defendants Chen or Horton; Plaintiff has not exhausted his remedies for the claims in this case; and Defendants are entitled to summary judgment on this ground.

Based on the Court's finding that Plaintiff did not exhaust the available administrative remedies prior to filing suit, the Court does not reach Defendants' other arguments in the motion for summary judgment. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . . ." See McKinney, 311 F.3d at 1200 (quoting Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to

dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust)).

## IV.    CONCLUSION AND RECOMMENDATIONS

The Court finds that Defendants have met their burden of demonstrating that under the undisputed facts, Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a).  Defendants have shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the First Amended Complaint against Defendants Dr. Chen and C. Horton in this action.  Plaintiff has not submitted evidence of disputed material facts calling into question whether he satisfied the exhaustion requirement for his claims against Defendants. Therefore, **IT IS HEREBY RECOMMENDED that** Defendants' motion for summary judgment, filed on March 25, 2016 be GRANTED, and this action be dismissed in its entirety, without prejudice, based on Plaintiff's failure to exhaust.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   __**November 21, 2016**__              _____/s/ Gary S. Austin_
                                          UNITED STATES MAGISTRATE JUDGE

14