UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE,<br><br>          Plaintiff,<br><br>     v.<br><br>C.K. CHEN, et al.,<br><br>          Defendants. | No. 1:14-cv-00932-DAD-GSA-PC<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS; DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE<br><br>(Doc. No. 28.) |

Plaintiff George McClure is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

This action proceeds on plaintiff's First Amended Complaint ("FAC"), filed February 9, 2015, in which plaintiff alleges that defendants C.K. Chen, M.D., and C. Horton, Physician Assistant violated his Eighth Amendment rights as a result of their deliberate indifference to his serious medical need. (Doc. No. 12.) In his FAC, plaintiff alleges as follows. Plaintiff is an epileptic with a long and documented history of seizures. (*Id.* at 6.) When plaintiff was incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, he informed medical staff and a screening nurse of his medical needs, and was given a lower bunk chrono prohibiting staff from housing him in an upper bunk. (*Id.* at 7.) Nevertheless, plaintiff was assigned to an

1 upper bunk. (*Id.*) He subsequently experienced a seizure and fell from his bed, suffering a
2 serious head injury and vision loss to his left eye. (*Id.*) Plaintiff met with defendants Dr. Chen
3 and Physician Assistant Horton, who were aware of plaintiff's medical condition because they
4 had access to his medical file and spoke with him about his injuries. (*Id.* at 8.) However, neither
5 defendant provided plaintiff with treatment or pain medication for his eye. (*Id.*) As a result of
6 defendants' failure to provide adequate medical care, plaintiffs' eye treatment was delayed for
7 several months, and he ultimately lost vision in his left eye. (*Id.*)

8 On March 25, 2016, defendants filed a motion for summary judgment as to plaintiff's
9 deliberate indifference claims, arguing that they were entitled to judgment in their favor: (1) on
10 the merits of plaintiff's claims; (2) because he had failed to exhaust his administrative remedies
11 prior to filing suit; and (3) on qualified immunity grounds. (Doc. No. 28.) Plaintiff filed an
12 opposition on June 20, 2016, and defendants filed a reply on June 27, 2017. (Doc. Nos. 37, 40.)
13 On November 21, 2016, the assigned magistrate judge issued findings and recommendations
14 recommending that defendants' be granted summary judgment due to plaintiff's failure to exhaust
15 his administrative remedies prior to filing suit.[1] (Doc. No. 42.) On January 9, 2017, plaintiff
16 filed his objections to the findings and recommendations. (Doc. No. 45.)

17 In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this
18 court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
19 including plaintiff's objections, the court declines to adopt the November 21, 2016 findings and
20 recommendations, for the reasons stated below.

21 EXHAUSTION UNDER THE PRISON LITIGATION REFORM ACT

22 In the findings and recommendations, the assigned magistrate judge concluded that
23 defendants were entitled to summary judgment on plaintiff's Eighth Amendment deliberate
24 indifference claims due to plaintiff's failure to exhaust his administrative remedies prior to filing
25 suit as required. (Doc. No. 42 at 11-14.)

---

[1] In recommending that summary judgment be granted in favor of defendants due to plaintiff's failure to exhaust administrative remedies, the findings and recommendations did not address the motion to the extent it sought summary judgment on the merits and on qualified immunity grounds.

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Ninth Circuit has recognized that

> A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations.

*Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)); *see also Griffin v Arpaio,* 557 F.3d 1117, 1120 (9th Cir. 2009) ("The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation.).

Thus, in this case "[t]he California prison system's requirements define the boundaries of proper exhaustion." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009). In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Most appeals progress through three levels of review. *See id.* § 3084.7. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") and exhausts a prisoner's administrative remedies. *See id.* 3084.7(d)(3). A California prisoner is required to submit an inmate appeal at the appropriate level and proceed to the highest level of review available to him. *Butler v. Adams*, 397 F.3d 1181, 1183 (9th Cir. 2005); *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002); *see also* Cal. Code Regs. tit. 15, § 3084.1(b) (explaining that a cancellation or rejection of an inmate's appeal "does not exhaust administrative remedies"). However, a prisoner need not "press on to exhaust further levels of review once he has received all 'available' remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available." *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (citing *Booth v. Churner*, 532 U.S. 731, 736–739 (2001)). Thus, an inmate "has

1  no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to
2  exhaust his administrative remedies." *Harvey v. Jordan*, 605 F.3d 681, 684–85 (9th Cir. 2010);
3  *see also Finley v. Skolnik*, 616 Fed. Appx. 263, 264 (9th Cir. 2015)[2] (Reversing dismissal for
4  failure to exhaust) .

5        In submitting an inmate grievance, California regulations require a prisoner to "list all
6  staff members involved" and to "describe their involvement in the issue." Cal. Code Regs. tit. 15,
7  § 3084.2(3). However, the Ninth Circuit has recently held that "a prisoner exhausts such
8  administrative remedies as are available . . . under the PLRA despite failing to comply with a
9  procedural rule if prison officials ignore the procedural problem and render a decision on the
10 merits of the grievance at each available step of the administrative process." *Reyes v. Smith*, 810
11 F.3d 654, 658 (9th Cir. 2016); *see also Franklin v. Foulk*, 2017 WL 784894, at *4-5 (E.D. Cal.
12 Mar. 1, 2017); *Franklin v. Lewis*, 2016 WL 4761081, at *6 (N.D. Cal. Sept. 13, 2016). Thus, a
13 prisoner's failure to list all staff members involved in an incident in his inmate grievance, or to
14 fully describe the involvement of staff members in the incident, will not necessarily preclude his
15 exhaustion of administrative remedies. *Reyes*, 810 F.3d at 958; *Franklin v. Foulk*, 2017 WL
16 784894, at *4 ("[T]he court in *Reyes* found that even though the plaintiff's grievance failed to
17 name two physicians on the prison's three-person pain committee, prison officials were put on
18 notice of the nature of the wrong alleged in the suit—that the plaintiff was wrongfully denied pain
19 medication."); *Franklin v. Lewis*, 2016 WL 4761081, at *6 ("[T]o the extent Defendants argue
20 that Plaintiff failed to comply with a procedural requirement by not naming Defendants in [his
21 appeal], this deficiency is not necessarily fatal to Plaintiff's claim pursuant to *Reyes*"); *Grigsby v.
22 Munguia*, No. 2:14-cv-o789 GAB AC P, 2016 WL 900197, at *11-12 (E.D. Cal. Mar. 9, 2016);
23 *see also Bulkin v. Ochoa*, 2016 WL 1267265, at *1-2 (E.D. Cal. Mar. 31, 2016).

24       Nonetheless, for administrative remedies to be exhausted by California prisoners as to
25 defendants who were not identified in the inmate grievance, there must be a "sufficient
26 connection" between the claim in the appeal and the unidentified defendants such that prison

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

1   officials can be said to have had "notice of the alleged deprivation" and an "opportunity to
2   resolve it." *Reyes*, 810 F.3d at 959 (finding that plaintiff had satisfied PLRA exhaustion
3   requirements as to two prison doctors despite not having identified them in his inmate appeals
4   because there was a sufficient connection between plaintiff's appeal based on inadequate pain
5   management, and the doctors, who served on the prison committee that had denied plaintiff
6   medication).

7         The PLRA exhaustion requirement creates an affirmative defense, and defendants bear the
8   burden of raising and proving the absence of exhaustion. *See Jones*, 549 U.S. at 216 ("[I]nmates
9   are not required to specially plead or demonstrate exhaustion in their complaints.")  Moreover, a
10  prisoner may be excused from complying with the PLRA's exhaustion requirement if he
11  establishes that the existing administrative remedies were effectively unavailable to him. *Albino*
12  *v. Baca*, 697 F.3d 1023, 1031 (9th Cir. 2012).  For example, where prison officials improperly
13  screen out inmate grievances, they render administrative remedies effectively unavailable. *See*
14  *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010).  In such a case, "the inmate cannot pursue
15  the necessary sequence of appeals." *Id.*; *see also Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir.
16  2010) (excusing an inmate's failure to exhaust because he was precluded from exhausting
17  administrative remedies by a warden's mistaken instruction to him that a particular unavailable
18  document was needed for him to pursue his inmate appeal).

19        Here, the magistrate judge concluded that defendants were entitled to summary judgment
20  as to plaintiff's Eighth Amendment claims alleging inadequate medical treatment based on
21  deficient eye care, because plaintiff had not exhausted his administrative remedies prior to
22  bringing suit.  (Doc. No. 42 at 13.)  The magistrate judge acknowledged that plaintiff had filed
23  two inmate appeals concerning his eye condition, designated as KVSP-34-11-11231 (also referred
24  to as KVSP-HC-34-11029840) and KVSP-HC-11031927, but concluded that his administrative
25  remedies were not exhausted based on these inmate appeals because (i) KVSP-34-11-11231 was
26  canceled at the second level of review; (ii) the inmate appeals did not identify Chen or Horton,
27  the defendants named in the instant action; and (iii) the inmate appeals challenged the prison's
28  failure to schedule plaintiff for an appointment with an eye specialist rather than deficient care

5

1  provided by defendants. (Doc. No. 42 at 12–14.) The undersigned does not agree with this
2  conclusion.

3  In their summary judgment motion, defendants argue that plaintiff's administrative
4  remedies were not exhausted with respect to the aforementioned inmate appeals for two reasons.
5  First, defendants argue that exhaustion was not satisfied with respect to KVSP-34-11-11231,
6  because this inmate appeal was "canceled at the second level." (Doc. No. 28-2 at 18.) Secondly,
7  defendants argue that neither of plaintiff's inmate appeals addressed alleged deficiencies in the
8  care provided by defendants Chen or Horton. With respect to KVSP-34-11-11231, defendants
9  argue that this inmate appeal was received July 6, 2011, before plaintiff saw defendant Chen for
10 his vision problems on July 28, 2011, and that this inmate appeal therefore could not have
11 addressed defendant Chen's conduct. (Doc. No 28-2 at 18.) With respect to KVSP-HC-
12 11031927, defendants argue that this inmate appeal only addressed the prison's failure to
13 schedule plaintiff for an ophthalmology appointment, and that it was granted at the first level and
14 fully resolved because plaintiff was given access to care. (Doc. No. 28-2 at 19.) In support of
15 these arguments on summary judgment, defendants submit a declaration from defendant Chen,
16 (Doc. No. 28-3 at 2); a declaration from R. Robinson, who was in charge of overseeing the
17 processing of CDCR health care appeals, (Doc. No. 28-6 at 3, ¶¶ 11–12); and a copy of the two
18 inmate appeals submitted by plaintiff relating to his eye injuries and condition, (*Id.* at 43, 61–66).
19 In his opposition, plaintiff argues that he fully exhausted administrative remedies through
20 his KVSP inmate appeals. (Doc. No. 37 at 10–13.) Plaintiff argues that KVSP-34-11-11231 was
21 granted at the first level of review, and therefore did not need to be pursued further to satisfy
22 exhaustion requirements under the PLRA. (*Id.* at 10–11.) Plaintiff also contests the argument
23 that his KVSP appeals did not address the substance of his deliberate indifference claims, arguing
24 that he had in fact informed both defendants of his eye injuries prior to the inmate appeal being
25 filed in July 2011. (Doc. No. 37 at 7.) Plaintiff attaches the following evidence in support of his
26 assertions: (i) a declaration explaining his encounters with defendant Chen, (Doc. No. 39 at 1–2, ¶
27 5); (ii) medical records from June 9, 2011, indicating that he was seen at that time by defendant
28 Horton, (*Id.* at 5–7); (iii) medical records from June 16, 2011, indicating that he was seen at that

6

1   time by defendant Chen, (*Id.* at 9); and (iv) copies of the inmate appeals he filed with KVSP, (*Id.*
2   at 13–20.)

3   The court first considers defendants' argument that plaintiff did not exhaust administrative
4   remedies as to Appeal KVSP-34-11-11231 because it was canceled at the second level of review.
5   (Doc. No. 28-2 at 18.)  Defendants have submitted a declaration in support of this argument,
6   which states that Appeal KVSP-34-11-11231 "was canceled at the second level because the
7   matter was resolved at the first level."  (Doc. No. 28-6 at 3, ¶ 11.)  However, defendants also
8   submit a copy of the appeal and the corresponding first level response, which states that the
9   appeal "is granted at the first level of review."  (Doc. No. 28-6 at 48.)  As noted above, an inmate
10  "has no obligation to appeal from a grant of relief . . . to exhaust his administrative remedies."
11  *Harvey*, 605 F.3d at 684–85.  Because evidence before the court indicates that Appeal KVSP-34-
12  11-11231 was granted at the first review level, the court cannot conclude that plaintiff failed to
13  satisfy PLRA exhaustion requirements by not progressing through all three levels of review with
14  respect to this appeal.  *Id.*; *see also Garcia v. Lee*, No. 2:15-cv-1888 MCE CKD P, 2017 WL
15  56871, at *4 (E.D. Cal. Jan. 5, 2017) ("[A]s plaintiff's grievance was granted at the first level, he
16  was not required to pursue further administrative remedies."); *Clement v. California Dep't of*
17  *Corr.*, 220 F. Supp. 2d 1098, 1106 (N.D. Cal. 2002) (finding that plaintiff exhausted
18  administrative remedies when his inmate appeal was granted at the first level of review, because
19  plaintiff "had received all the relief that the prison administrative appeal system could provide");
20  *Gomez v. Winslow*, 177 F. Supp. 2d 977, 985 (N.D. Cal. 2001) ("Because [the plaintiff] had, in
21  essence, 'won' his inmate appeal [at the second level of review], it would be unreasonable to
22  expect him to appeal that victory before he is allowed to file suit.").  Defendants' motion for
23  summary judgment on this basis will therefore be denied.

24  The court next considers whether plaintiff's appeals sufficiently put defendants on notice
25  of the substance of his deliberate indifference claims through his inmate appeals.  Plaintiff alleged
26  in those inmate appeals, as he does in his FAC, prison officials failed to provide him with
27  /////
28  /////

1 adequate medical attention for the eye injury he suffered after falling from his bunk.[3]  (Doc. No.
2 28-6 at 43, 62.)  His inmate appeals gave prison officials a fair opportunity to respond to his
3 complaints in this regard.  Plaintiff pursued both inmate appeals until they were granted.  This is
4 sufficient to put the prison on "notice of the alleged deprivation" for purposes of exhaustion under
5 the PLRA.  *Reyes*, 810 F.3d at 959

6       The undersigned finds defendants' arguments to the contrary to be unpersuasive.
7 Defendants emphasize that plaintiff did not specifically identify defendants Chen or Horton in his
8 inmate appeals.  However, the Ninth Circuit has explained that a prisoner plaintiff in California
9 does not necessarily fail to meet the administrative exhaustion requirements of the PLRA by not
10 identifying all prison staff members involved in a grievance.  *See Reyes*, 810 F.3d at 659.  With
11 respect to inmate appeals which prison officials elect to address on the merits, there need only be
12 a "sufficient connection" between the claim set forth in the inmate appeal and the unidentified
13 defendants, such that defendant prison officials were adequately put on notice of the substance of
14 plaintiff's complaint.  *Id*.  As discussed above, such a connection exists here.

15       Defendants also argue that Appeal KVSP-34-11-11231 could not have put defendants on
16 notice of claims against defendant Chen, because that inmate appeal was received July 6, 2011,
17 before plaintiff saw defendant Chen for vision problems on July 28, 2011.  (Doc. No 28-2 at 18.)
18 However, the inmate appeal records provided by defendants indicate that plaintiff actually first
19 met with Dr. Chen on June 16, 2011, prior to plaintiff's filing of his July 2011 inmate appeal.
20 (Doc. Nos. 28-3 at 2, ¶ 5; 28-3 at 7; 28-6 at 47.)  In his opposition, plaintiff also submitted a
21 declaration indicating that he informed defendant Chen of his eye injury during this initial June
22 2011 appointment, (Doc. No. 39 at 1–2, ¶ 5), as well as medical records reflecting that he was
23 seen by defendant Horton on June 9, 2011, (*Id.* at 5–7).  In light of the evidence before the court
24 on summary judgment indicating that plaintiff was seen by defendants Chen and Horton prior to

---

[3] Plaintiff alleged in Appeal KVSP-34-11-11231 that he had experienced a seizure and a fall; that he had suffered an eye injury but had been waiting several weeks for medical attention; and that he "need[ed] some help right away." (Doc. No. 28-6 at 43.)  Likewise, plaintiff alleged in Appeal KVSP-HC-11031927 that he had suffered a seizure that had caused an eye injury; that he was receiving "no help in getting treatment for my eyesight"; and that he was requesting that a doctor "tell me what is going on with my eyesight." (Doc. No. 28-6 at 62.)

filing his July 2011 inmate appeal, defendants cannot demonstrate that plaintiffs' two inmate appeals did not address the adequacy of defendants' medical care for his eye injuries.

Having found that plaintiff's inmate appeals sufficiently put defendants on notice of the nature of the wrong alleged in his deliberate indifference claims, the court concludes that defendants have not established that plaintiff failed to exhaust his administrative remedies prior to filing suit. Accordingly, the court will decline to adopt the findings and recommendations and the recommendation that summary judgment be granted in favor of defendants on that ground. Because the defendants' remaining grounds for summary judgment were not addressed in the findings and recommendations, their motion for summary judgment will be denied without prejudice to its renewal on those grounds.

## CONCLUSION

Accordingly,

1. The court declines to adopt the assigned magistrate judge's findings and recommendations;

2. Defendants' motion for summary judgment (Doc. No. 28) is denied without prejudice to its renewal as to the merits of plaintiff's claim and on qualified immunity grounds[4];

3. Within thirty days of the date of this order, defendants may re-file their motion for summary judgment, with proof of notice to plaintiff of the requirements for adequately opposing a motion for summary judgment as required by *Woods v. Carey*, 684 F.3d 934, 939–41 (9th Cir. 2012), and *Rand v. Rowland*, 154 F.3d 952, 960–61 (9th Cir. 1998);

4. Within twenty one days of the date of service of any re-filed motion for summary judgment submitted by defendants, plaintiff may file and serve an amended opposition. If plaintiff fails to file an amended opposition, the court will consider his existing opposition (Doc. No. 37) in resolving defendants' motion;

---

[4] With respect to any renewed motion for summary judgment, both parties may incorporate by reference any arguments they have previously presented in connection with defendants' motion for summary judgment.

5. Within seven days of the date of service of plaintiff's amended opposition, defendants may file an amended reply.

IT IS SO ORDERED.

Dated: __March 27, 2017__

UNITED STATES DISTRICT JUDGE