# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE, | 1:14-cv-00932-DAD-GSA-PC |
| Plaintiff, | **ORDER LIFTING STAY OF DISCOVERY (ECF No. 36.)** |
| v. | |
| C. K. CHEN, et al., | **NEW DISCOVERY AND SCHEDULING ORDER** |
| Defendants. | New Discovery Deadline: **January 14, 2019** |
| | New Dispositive Motions Filing Deadline: **March 14, 2019** |

George McClure ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 4, 2014. (ECF No. 1.) This case now proceeds with Plaintiff's First Amended Complaint, filed on February 9, 2015, against defendants Chen and Horton, on Plaintiff's medical claim under the Eighth Amendment. (ECF No. 12.)

On January 19, 2016, the court issued a Discovery and Scheduling Order, opening discovery and setting out deadlines. (ECF No. 22.)

On March 25, 2016, Defendants filed a motion for summary judgment. (ECF No. 28.) On May 11, 2016, the court issued an order staying discovery pending resolution of the motion. (ECF No. 36.) On March 28, 2017, the court denied Defendants' motion for summary judgment (ECF No. 46.)

On April 18, 2017, Defendants filed a second motion for summary judgment. (ECF No. 47.) On September 11, 2018, the court denied the motion and referred the matter back to the undersigned for the issuance of a scheduling order setting new deadlines for discovery and the filing of dispositive motions. (ECF No. 69.) Therefore, by this order, the court lifts the stay of discovery and issues a new Discovery and Scheduling Order. Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

## I.     <u>WRITTEN DISCOVERY</u> [1]

Discovery requests shall be served by the parties pursuant to Federal Rule of Civil Procedure 5 and Rule 135 of the Local Rules of Practice for the United States District Court, Eastern District of California (Local Rules), and shall only be filed when required by Local Rules 250.2, 250.3, and 250.4.

The parties are limited to 25 interrogatories as described by Federal Rule of Civil Procedure 33, 25 requests for admission made according to Federal Rule of Civil Procedure 36, and 25 requests to produce made according to Federal Rule of Civil Procedure 34.

Responses to document requests shall include all documents within a party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1). Documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, or the legal right to obtain the property on demand. <u>Allen v. Woodford</u>, 2007 WL 309945, *2 (E.D. Cal. 2007.)[2]

Responses to written discovery requests shall be due **30 calendar days** after the request is served. All discovery requests must be served **at least 60 calendar days** before the discovery deadline. All motions to compel must be filed on or before the discovery deadline. The parties are required to act in good faith during the course of discovery and the failure to do so may result

///

---

[1] Nothing in this order is meant to expand Federal Rule of Civil Procedure 26.

[2] Defendants' responses should be consistent with their right to request documents pursuant to California Government Code §3306.5. ("Each employer shall keep each public safety officer's personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request thereof by the officer.")

in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure and/or Local Rules.

If any party withholds a document on the basis of privilege, he/she shall provide a privilege log to the requesting party identifying the date, author, recipients, general subject matter, and basis of the privilege **within 15 calendar days** after the date the response is due. Failure to provide a privilege log within this time shall result in a waiver of the privilege.

If disputes arise about a party's obligation to respond to written requests for discovery, the parties shall comply with all pertinent rules including Federal Rules of Civil Procedure 5, 7, 11, 26, and 37 and Local Rules 110, 130, 131, 133, 135, 142, 144, and 230(*l*). However, unless otherwise ordered, Local Rule 251 and the requirements set forth in Federal Rules of Civil Procedure 26 and 37− that a party certify he/she has conferred in good faith or attempted to confer with the opponent in an effort to resolve the dispute prior to seeking court action − shall not apply. Nevertheless, voluntary compliance with this provision of Federal Rules of Civil Procedure 26 and 37 is encouraged. At a minimum, the parties shall exchange written correspondence in an attempt to resolve the issues. All such written exchanges shall be included as exhibits to motions to compel. Amendments to discovery responses served after the filing of and in response to a motion to compel are strongly disfavored, absent good faith.

A discovery motion that does not comply with all applicable rules will be stricken and may result in the imposition of sanctions. Further, a motion is not appropriate to compel documents that are equally available to the moving party. For example, Plaintiff may not file a motion to compel production of documents contained in his/her own central file.

## II. DEPOSITIONS

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendants may depose Plaintiff and any other witness confined in a prison, and may do so by video conference[3] or in person, provided that, **at least 15 calendar days** before such a deposition, Defendants serve all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Due to security concerns

---

[3] This permission is on the condition that it is consistent with prison policy and the prison has the needed equipment for the video deposition.

and institutional considerations not applicable to the Defendants, Plaintiff must seek leave from the Court to depose incarcerated witnesses pursuant to Federal Rule of Civil Procedure 30(a)(2).

Disagreement with any directive of security staff at the correctional facility at which the deposition is scheduled is not a basis for Plaintiff to refuse to answer appropriate questions, and the failure of Plaintiff to attend, be sworn, and answer appropriate questions may result in sanctions. Such sanctions may include dismissal of the action pursuant to Federal Rule of Civil Procedure 37. Objections made in good faith in accordance with governing rules are permissible. Nothing herein forecloses a party from bringing a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) if necessary.

### III.   SCHEDULE AND DEADLINES

A. All discovery, including the filing of any motions to compel, **SHALL** be completed on or before **01/14/2019**. Absent good cause, discovery motions will not be considered if filed after the discovery deadline.

B. Dispositive motions must be filed on or before **03/14/2019**. The defense SHALL also lodge a Word version of any dispositive motion and the motion's supporting documents to gsaorders@caed.uscourts.gov.

### IV.   EXTENSIONS OF TIME

Requests for extensions of the deadlines set forth in this Discovery and Scheduling Order **must be filed on or before the expiration of the date in question. These deadlines are firm and will not be extended by the Court except upon a showing of good cause.** Fed. R. Civ. P. 16(b)(4).

**The parties are required to act in good faith during the course of discovery and are reminded that failure to do so may result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **September 13, 2018**             **/s/ Gary S. Austin**
                                                                         UNITED STATES MAGISTRATE JUDGE