**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE MCCLURE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. K. CHEN, et al.,<br><br>    Defendants. | 1:14-cv-00932-DAD-GSA-PC<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL TO ASSIST PLAINTIFF AT DEPOSITION, OR IN THE ALTERNATIVE, TO ALLOW INMATE PARTHEMORE TO ATTEND DEPOSITION AND ASSIST PLAINTIFF**<br>**(ECF No. 73.)** |

**I.      BACKGROUND**

George McClure ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 4, 2014. (ECF No. 1.) This case is now in the discovery phase.

On November 30, 2018, Plaintiff filed a motion for appointment of counsel to represent him at an upcoming deposition, or in the alternative, to allow inmate Parthemore, Plaintiff's jailhouse lawyer and advisor, to attend the deposition and assist Plaintiff. (ECF No. 73.)

**II.     APPOINTMENT OF COUNSEL**

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525.

1

1    Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff seeks the appointment of an attorney to assist him at his deposition scheduled for December 12, 2018, at the California Institution for Men (CIM) in Chino, California, where Plaintiff is currently incarcerated. Plaintiff argues that he is unable to afford counsel and his eyesight is failing, which will greatly hamper his ability to participate in the deposition. Plaintiff asserts that inmates are locked in one-man cages during depositions which will hinder his movement and access to important documents. Plaintiff states that he has written fifteen letters to attorneys seeking representation, and none of the attorneys have replied. Plaintiff also asserts that all of the legal work in this case has been done by another inmate, Mr. Ira D. Parthemore, a "jailhouse lawyer" and advisor. (ECF No. 73 at 2:10-12.)

While these conditions are challenging, they do not make Plaintiff's case exceptional under the law. At this stage of the proceedings the court cannot find that Plaintiff is likely to succeed on the merits. While the court has found that Plaintiff's amended complaint "states a claim for damages against Defendants Horton and Chen for violating Plaintiff's rights under the Eighth Amendment," these findings are not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 15 at 1:19-21.) The legal issue in this case --whether defendants failed to provide adequate medical care -- is not complex, and based on a review of the record in this case, Plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, therefore Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

### III.   ASSISTANCE BY INMATE PARTHEMORE AT DEPOSITION

In the alternative, Plaintiff requests the court to issue an order directing the Warden of CIM to allow inmate Parthemore to attend the upcoming deposition with Plaintiff to assist him with reading and answering questions. As stated above, Mr. Ira D. Parthemore is a "jailhouse

lawyer" and advisor. (ECF No. 73 at 2:10-12.) Plaintiff requests that he and inmate Parthemore be allowed to sit at a table, not in cages, in order to properly review and produce documents for defense counsel.

Plaintiff has not demonstrated that circumstances in this action warrant permitting an inmate to assist Plaintiff at his deposition. While cases guarantee prisoners the right to seek assistance and advice on legal matters from other inmates in certain matters, the cases do not permit *representation* during litigation by non-party lay-persons. Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974)). While Plaintiff may proceed *pro se* to represent his own interests and assert that his rights were violated, the Ninth Circuit has held that "constitutional claims are personal and cannot be asserted vicariously," and that an individual "has no authority to appear as an attorney for others than himself." Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) citing United States v. Mitchell, 915 F.2d 521, 526 n. 8 (9th Cir. 1990) (quoting C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir.1987)).

Accordingly, Plaintiff's motion to allow inmate Parthemore to attend the upcoming deposition and assist Plaintiff shall be denied.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED without prejudice; and
2. Plaintiff's motion to allow inmate Parthemore to attend the upcoming deposition and assist Plaintiff, is DENIED.

IT IS SO ORDERED.

   Dated:   **December 3, 2018**               **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE