# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. K. CHEN, et al.,<br><br>    Defendants. | 1:14-cv-00932-DAD-GSA-PC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND FOR SANCTIONS (ECF No. 77.)**<br><br>**ORDER FOR PLAINTIFF TO PROVIDE AMENDED RESPONSES TO DEFENDANTS' INTERROGATORIES NOS. 3, 4, 5, AND 6, AND DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, WITHIN THIRTY DAYS** |

## I. BACKGROUND

George McClure ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with Plaintiff's First Amended Complaint filed on February 9, 2015, against defendants C. K. Chen (M.D.) and C. Horton (Physician's Assistant) (collectively, "Defendants"), for providing inadequate medical care in violation of the Eighth Amendment. (ECF No. 12.)

On September 14, 2018, the court issued a discovery and scheduling order setting a discovery deadline of January 14, 2019, and a dispositive motions deadline of March 14, 2019. (ECF No. 70.) On January 14, 2019, Defendants filed a motion to modify the discovery and scheduling order. (ECF No. 75.) On January 22, 2019, the court extended the discovery deadline

1

until January 28, 2019, for the limited purpose of Defendants filing a motion to compel. (ECF No. 76.)

On January 28, 2019, Defendants filed a motion to compel and for sanctions. (ECF No. 77.) On February 14, 2019, Plaintiff filed an opposition to the motion. (ECF No. 78.) On February 21, 2019, Defendants filed a reply. (ECF No. 79.)

Defendants' motion to compel and for sanctions is now before the court. Local Rule 230(*l*).

## II.  PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.  Allegations in the First Amended Complaint

Plaintiff is currently incarcerated at the California Institution for Men in Chino, California, under the custody of the California Department of Corrections and Rehabilitation (CDCR). The events giving rise to this action allegedly occurred at Kern Valley State Prison[1] (KVSP) in Delano, California, when Plaintiff was incarcerated there. This case now proceeds against defendants C. K. Chen (M.D.) and C. Horton (Physician's Assistant) on Plaintiff's medical claim.

Plaintiff alleges the following. Plaintiff is an epileptic with a long and documented history of seizures. Upon arriving at KVSP, Plaintiff informed medical staff of his medical needs and had a discussion with the screening nurse. Under CDCR's medical policies, epileptic inmates are not housed upstairs due to seizures and obvious dangers of placing these inmates on an upper tier or upper bunk. Plaintiff has a lower tier/lower bunk chrono that prohibits staff from housing him illegally. However, Plaintiff was housed on an upper tier.

Plaintiff suffered a fall causing a serious head injury and loss of vision in his left eye. Plaintiff submitted two or three medical requests to be seen and correct his living situation. Plaintiff saw Physician's Assistant Horton but nothing was done to abate the danger Plaintiff was

---

[1] Plaintiff refers to NKSP (North Kern State Prison) in the First Amended Complaint as his place of incarceration during the events at issue. (ECF No. 12.) However, Defendants assert that Plaintiff was actually housed at Kern Valley State Prison in 2011, where Defendants Chen and Horton were both employed at the time. (ECF No. 5 n.1.) Plaintiff's medical records confirm that he was at Kern Valley State Prison (KVSP) when the events at issue occurred. (E.g., ECF No. 28-3 at 9, 14, 20, 21.)

in. Defendant Horton did not remove Plaintiff from his housing and Plaintiff was not given any consultation with another staff member to be removed from harm's way.

Plaintiff then saw Doctor C. K. Chen, who is Plaintiff's doctor. Plaintiff informed Dr. Chen of his injuries. Dr. Chen did not have any tests or x-rays done to evaluate Plaintiff's condition, did not order a specialist to diagnose Plaintiff's condition, and did not provide anything for Plaintiff's pain. Most importantly, Defendant Chen did not remove Plaintiff from his dangerous housing situation. Dr. Chen told Plaintiff to go back to his cell and return in six weeks.

Once Plaintiff finally saw a specialist the specialist ordered an urgent consultation with an eye surgeon. Defendants denied Plaintiff the necessary eye surgery requested by the eye specialist. Had Plaintiff received the surgery he required he would have his eyesight. Instead, long delays and refusals to treat caused Plaintiff unnecessary suffering and loss of vision in his left eye.

Each of the Defendants was aware of Plaintiff's medical condition because Plaintiff told them about it and they had Plaintiff's medical file in front of them when speaking to Plaintiff. Plaintiff told them he could not see out of his left eye and had a serious head injury. Plaintiff told the Defendants he was being housed against medical orders, but nothing was done by either Defendant to remove him from a knowingly dangerous living situation.

It took over two months to treat Plaintiff causing him to lose vision in his left eye. His last eye test revealed 3/300 vision.

Plaintiff seeks monetary damages.

**B.      Eighth Amendment Medical Claim**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the

indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted), Wilhelm, 680 F.3d at 1122. Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997), (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

///

**III. MOTION TO COMPEL**

### A. Legal Standards

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not

meritorious. Id. However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, and Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

**B.	Interrogatories**

Pursuant to Rule 33(a), an interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 924935, *8 (D. Kan. Apr. 30, 2008). A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 629 (E. D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). If a party cannot furnish details, he should say so under oath, and say why and set forth the efforts used to obtain the information and cannot plead ignorance to information that is from sources within his control. Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa.1977). "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D.Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)). A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner, 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust

Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y.1974)). The responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

### C. Request for Production of Documents

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D.Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev. 1991)). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010). Boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

### IV. DEFENDANTS' MOTION TO COMPEL

Defendants move the court to compel Plaintiff to: (1) provide amended substantive responses to their Interrogatories Nos. 3, 4, 5, and 6; and, (2) provide amended responses to their entire Request for Production of Documents to clearly identify the documents responsive to each request. Defendants assert that despite the parties' agreement that Plaintiff would amend these responses, Plaintiff failed to resolve the issues with the responses.

### A. **Defendants' Statement of Relevant Facts**

Defendants served Plaintiff with Requests for Production, Set One, and Interrogatories, Set One, on November 15, 2018. (Mohmoud Decl., ¶ 2.)

On December 12, 2018, the day of Plaintiff's deposition, defense counsel met and conferred with Plaintiff, explained why Plaintiff's responses to Interrogatories Nos. 3, 4, 5, 6, and 8, and the Requests for Production, were deficient; how they could be corrected; and, asked if he was willing to amend them in order to avoid a motion to compel. (Id. ¶ 3, Ex. B.) Plaintiff agreed to amend the above responses by December 24, 2018. (Id.) Defendants did not receive these amended responses by that date. (Id. ¶ 4.)

Defense counsel contacted Plaintiff on January 14, 2019, explaining that, while she (defense counsel) had received other communications from Plaintiff amending his responses to the Request for Admissions, no amended responses had been received for the Requests for Production or Interrogatories. (Id. ¶ 5.) Plaintiff assured defense counsel that he had sent the amended discovery responses and stated that he would send them once again in order to avoid a motion to compel. (Id.) Plaintiff then sent his amended responses, yet they included the same stack of un-labelled records produced before, did not include any amended responses to the Request for Production. Further, the amended responses to Interrogatories Nos. 3, 4, 5, and 6, were still deficient. (Id. ¶ 6, Ex. C.)

///
///
///
///

### B. **Defendants' Position**

### 1. **Plaintiff's Responses to the Requests for Production Fail to Identify With Any Specificity the Documents Responsive to Each Request**

Defendants assert that Plaintiff produced over thirty-five pages of documents which included medical records, health care appeals records, and miscellaneous handwritten documents. (Id.) None of the records produced were numbered or labelled, and none of Plaintiff's responses described with any specificity the documents responsive to each request. (Id.) Instead, Plaintiff merely referred Defendants to the "enclosed documents" and to other records purportedly sent in 2016. (Id.) Despite that during their meet and confer, defense counsel instructed Plaintiff to amend his responses by labelling them and citing to the responsive documents, Plaintiff re-submitted the stack of documents he sent with his original responses without labelling them or amending the written responses at all. (Id., Exh. C.)

Defendants argue that Plaintiff's documents render the discovery production useless as Defendants are unable to determine which of these records provides the specific information sought in Defendants' requests. Defendants suggest that at the very least Plaintiff should label the records by an exhibit page, or a page number, and refer Defendants to the corresponding number for the documents responsive to each request. Defendants contend that Plaintiff's responses are evasive and therefore non-responsive.

### 2. **Plaintiff Cannot Avoid his Obligation to Respond to Interrogatories by Instructing Defendants to Search for the Answer**

Defendants further argue that Plaintiff's amended responses to Interrogatories Nos. 3, 4, 5, and 6 are deficient. Plaintiff's amended response to Interrogatory No. 3 is not complete within itself and refers Defendants to his response to Interrogatory No. 1 instead of stating all of the facts once more. (ECF No. 77-2 at 30 (Exh. C at 3)). Plaintiff's amended responses to Interrogatories Nos. 4 and 6 do not directly answer the question and instead refer to his "§1983 filing" and other "documents" that may, "but not necessarily," have the responsive information. (Id.) Defendants maintain that Plaintiff's amended response to Interrogatory No. 5 is equally evasive because Plaintiff states that he does not have "all" of the names of the witnesses Defendants asked for making it unclear whether Plaintiff has some, all, or none of their names.

(Id.) Defendants argue that Plaintiff's responses provide Defendants with no information at all and therefore are the equivalent of a failure to respond. Defendants request that Plaintiff be required to amend these responses to provide clear and complete information.

### C.       **Plaintiff's Position**

Plaintiff argues that he provided adequate responses to Defendants in a timely manner. Plaintiff asserts that he had a deadline of January 14, 2019, to satisfy all discovery requests pursuant to the court's order dated September 13, 2018. (ECF No. 70.) On December 4, 2018, Plaintiff mailed the responses to Interrogatories, Requests for Admissions, and Production of Documents requested by Defendants. (ECF No. 78 at 6 (Exh. A)). On December 12, 2018, Plaintiff was deposed by defense counsel who informed Plaintiff that she (defense counsel) would like more detailed answers to Interrogatories Nos. 3, 4, 5, 6, and 8 by December 24, 2018, but she did not mention a problem with the documents produced by Plaintiff. (Decl. of Pltf., ECF No. 78 ¶ 5.) On December 19, 2018, Plaintiff mailed the amended Interrogatories to defense counsel. (ECF No. 78 at 8 (Exh. B)). Plaintiff contends that defense counsel misplaced the amended Interrogatories and Plaintiff re-mailed them to her on January 14, 2019. (Decl. of Pltf., ECF No. 78 ¶¶ 3, 4.) Plaintiff asserts that defense counsel never further contacted him about more deficiencies until she filed this motion to compel. (Id. ¶ 5.)

As for the documents produced, Plaintiff asserts that he did the best he could because it is difficult for inmates to obtain documents at the prison. After filing CDCR Form 7385 to the medical department an inmate must wait 3-5 weeks to receive the documents. (Id. ¶6.) Plaintiff asserts that his applicable records span nine years and the medical records clerk does not abide by the inmate's wishes as to what records are printed. (Id.) Plaintiff asserts that he can only take what is given to him by the clerk and many of the documents are written in complex medical terms which Plaintiff does not understand. (Id.)

Plaintiff contends that defense counsel only wants Plaintiff's discovery responses to conform to Defendants' version of the events, and when they do not they are classified as "defective" or "nonresponsive." (Id.)

Plaintiff agrees to re-work the Interrogatory responses in question and to attempt to find information of use to defense counsel in the documents.

**D.  Defendants' Reply**

In response to Plaintiff's assertion that he was not notified at the deposition that the documents he produced were deficient, defense counsel provides evidence that at Plaintiff's deposition testimony defense counsel informed him of the need to revise his responses to the Request for Production and how they could be fixed in order to clearly indicate which documents responded to each request.  (ECF No. 77-2 at 21, Mohmoud Decl., Exh. B.)  Defendants argue that Plaintiff failed to clarify to the court how Defendants could be expected to identify specific records without any labels or references.

Defendants request that when Plaintiff amends the Interrogatories he be required to refer to the motion to compel and guidelines provided in the Federal Rules to ensure that his revised responses are amended accordingly.

**E.  Discussion**

The court concurs with Defendants that Plaintiff's responses to Interrogatories Nos. 3, 4, 5, and 6, and responses to Defendants' Request for Production of Documents are deficient. Plaintiff has agreed to amend these responses.

With respect to the Interrogatories Plaintiff is reminded that he is required, to the extent that he does not object to an Interrogatory, to answer each of the four Interrogatories at issue separately and fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).   Plaintiff cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control, Essex Builders Group, Inc., 230 F.R.D. at 685, although he is not generally required to conduct extensive research in order to answer an interrogatory, Gorrell, 292 F.R.D. at 629; L.H., 2007 WL 2781132 at *2.  If Plaintiff cannot furnish details he should say so under oath, and say why and set forth the efforts used to obtain the information.  Milner, 73 F.R.D. at 632.  He cannot plead ignorance to information that is from sources within his control. Id.  Plaintiff's argument that he should not be required to provide amended responses to Defendants is without merit.  Under Rule 26, the responding party has a duty to supplement any

responses if the responses provided need correction. Fed. R. Civ. P. 26(e)(1)(A). Moreover, the court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). When amending the Interrogatories, Plaintiff is required to refer to the motion to compel and guidelines provided in the Federal Rules to ensure that his revised responses are amended accordingly.

With respect to the Request for Production of Documents, Plaintiff has agreed to attempt to find information of use to defense counsel in the documents he possesses. Plaintiff's contention that he is not required to provide responses to Defendants more than once, nor produce documents in an organized fashion, is erroneous. The court acknowledges that Plaintiff faces substantial challenges in complying with discovery rules while he is incarcerated. However, as discussed above, Plaintiff must comply with the Federal Rules which require him to make a reasonable inquiry when Defendants request relevant and unprivileged documents, Fed. R. Civ. P. 26(g)(1), and if no responsive documents exist, to demonstrate to the court that he has made a reasonable inquiry and exercised due diligence, Uribe, 2010 WL 892093, at *2-3. It is not reasonable for Plaintiff to produce a large stack of unidentified documents in response to Defendants' Requests, without first labeling the documents or otherwise indicating which documents respond to which of Defendants' requests. Fed. R. Civ. P. 37(a)(4). As discussed above, callous disregard of discovery responsibilities cannot be condoned. Asea, Inc., 669 F.2d at 1246 (quotation marks and citation omitted).

## V. DISCOVERY SANCTIONS – RULE 37

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

### A. Parties' Positions

Defendants request the imposition of sanctions upon Plaintiff as reimbursement for Defendants' expenses in obtaining this order on the grounds that Plaintiff failed to disclose, answer, or respond pursuant to Rule 37(a)(4). Defense counsel declares that she "spent a total of three hours reviewing the discovery at issue, conducting the necessary legal research, and drafting this motion to compel." (Mohmoud Decl. ¶ 7.) "At the billing rate of $170 per hour for Deputy Attorneys General, the total attorneys' fees incurred as a result of my time on this matter is $510.00." (Id.)

Plaintiff opposes the motion for sanctions arguing that he responded timely and appropriately to Defendants' discovery requests. Plaintiff declares that he failed to timely amend his responses to Defendants' Request for Production because defense counsel never mentioned a problem with his prior responses before the motion to compel was filed on January 19, 2019. However, Defendants have provided evidence refuting Plaintiff's version of the events; testimony from Plaintiff's deposition on December 12, 2018, shows that Plaintiff was informed of the deficiencies at the deposition. (Pltf's Decl., ECF No. 78 at 3 ¶ 5.) Plaintiff also asserts that he was not contacted about the deficiencies in his amended responses to Interrogatories before Defendants filed their motion to compel. (Id.) Plaintiff argues that he is at the mercy of the prison clerk who orders medical records for him, and that he cannot give Defendants what he doesn't receive from Medical Records. (Id. at 3 ¶ 6.) In addition, Plaintiff contends that defense counsel rejects his discovery responses when they do not conform to Defendants' version of events.

### B. Discussion

Defendants' motion to compel shall be granted by this order. Evidence shows that Defendants have acted in good faith to obtain the discovery they requested without court action. Defendants conferred with Plaintiff more than once, and even requested an extension of the discovery deadline to give Plaintiff another opportunity to provide the requested discovery before they filed their motion to compel.

///

Plaintiff has offered no reasonable explanation why he was unable before now to look through thirty-five pages of medical records and determine if any of the records are responsive to Defendant's Requests for Production. Plaintiff appears to have put minimal effort into responding to Defendants' interrogatories, even after he conferred with defense council at his deposition and was informed why the responses were deficient. Plaintiff complains of his limitations at the prison, but he has not participated in discovery to the extent he is able. Therefore, the court shall grant Defendants' motion for sanctions.

Plaintiff shall be required to pay Defendants' reasonable expenses, including attorney's fees, for the preparation of their motion to compel and for sanctions, filed on January 28, 2019. The monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or shall be assessed as part of Defendants' costs if they prevail at trial.

The Court finds these monetary sanctions to be sufficient. While Plaintiff has caused a delay in the resolution of discovery, Defendants have not demonstrated that they are unable to defend this action on the merits. "What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" Valley Engineers, Inc. v. Electric Engineering Co., 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting Adriana International Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)).

## VI.     CONCLUSION

Based on the foregoing, Defendants' motion to compel and for sanctions shall be granted. Plaintiff is required to provide further responses to Defendants' Interrogatories Nos. 3, 4, 5, and 6, as discussed above. Plaintiff shall also provide amended responses to Defendants' Request for Production of Documents, with documents labeled or otherwise organized to clearly indicate to Defendants which documents are being provided in response to which request. Plaintiff shall also reimburse Defendants for their costs in bringing this motion, pursuant to this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel, filed on January 28, 2019, is GRANTED;

///

2. Plaintiff is required to provide further responses to Defendants' Interrogatories Nos. 3, 4, 5, and 6, as discussed above, within thirty days from the date of service of this order;

3. Plaintiff shall also provide amended responses to Defendants' Request for Production of Documents, as instructed by this order, within thirty days from the date of service of this order;

4. Defendants' motion for sanctions is GRANTED;

5. Plaintiff is required to pay Defendants' reasonable expenses of $510.00 for the preparation of their motion to compel filed on January 28, 2019. The monetary award shall be deducted from Plaintiff's damages award if he is successful at trial, or shall be assessed as part of Defendants' costs if they prevail at trial; and

6. Plaintiff's failure to comply with this order may result in sanctions, including the dismissal of this action.

IT IS SO ORDERED.

Dated: **March 18, 2019**                           **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE