# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE,<br><br>            Plaintiff,<br><br>     v.<br><br>C. K. CHEN, et al.,<br><br>            Defendants. | 1:14-cv-00932-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TELEPHONIC SETTLEMENT CONFERENCE**<br>**(ECF No. 86.)** |

George McClure ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 4, 2014. (ECF No. 1.) This case is scheduled for a settlement conference before the Honorable Stanley A. Boone on June 7, 2019 at 9:30 a.m. in Courtroom #9 at the United States District Court in Fresno, California.

On April 10, 2019, Plaintiff filed a request for a telephonic settlement conference. (ECF No. 86.) Plaintiff requests to be excused from appearing in person at the settlement conference because he has multiple medical issues -- cancer, low vision, chronic fatigue, severe arthritis, seizures -- and he is concerned that he will lose his lower bunk and his property if he is transported from prison to Court.

Local Rule 270(f)(1) provides that unless otherwise specifically permitted by the Court conducting the settlement conference, "counsel shall be designated or shall be accompanied *in*

1

*person* by a representative designated by the body who shall have learned the body's preconference disposition relative to settlement." L.R. 270(f)(1) (emphasis added). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). It is this Court's experience that having the parties present as the settlement conference allows the Court to fully set forth the strengths and weakness of the parties' case, giving the party an opportunity to consider whether their settlement request is reasonable. Plaintiff argues that he should not be required to attend the settlement conference in person because he suffers from medical conditions and would inconvenienced. However, should this case proceed to trial Plaintiff will be required to appear in person. Accordingly, Plaintiff shall also be required to appear in person to discuss the settlement of his case. Therefore, Plaintiff's request shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a telephonic settlement conference, filed on April 11, 2019, is DENIED;
2. Plaintiff is required to appear *in person* at the settlement conference scheduled for June 7, 2019; and
3. In due course, a writ shall be issued to transport Plaintiff from the prison to the settlement conference at the United States District Court in Fresno, California.

IT IS SO ORDERED.

Dated: **April 15, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE