# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE,<br><br>    Plaintiff,<br><br>    v.<br><br>C. K. CHEN, et al.,<br><br>    Defendants. | 1:14-cv-00932-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br>**(ECF No. 88.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

## I. BACKGROUND

George McClure ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on June 4, 2014. (ECF No. 1.) This case is scheduled for a settlement conference before the Honorable Stanley A. Boone on June 7, 2019 at 9:30 a.m. in Courtroom #9 at the United States District Court in Fresno, California.

On April 29, 2019, Plaintiff filed a motion to retain his current residency and property when he is transported to court for his settlement conference. (ECF No. 88.) The court construes Plaintiff's motion as a motion for preliminary injunctive relief.

## II. PRELIMINARY INJUNCTIVE RELIEF

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249

(2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

## III. PLAINTIFF'S MOTION

Plaintiff requests a court order permitting him to retain his current prison cell C1-149L, and to have his property remain in the cell until he is returned to the California Institution for Men (CIM) after his settlement conference now scheduled for June 7, 2019, at the court in Fresno, California.

To the extent that Plaintiff seeks a court order compelling officers at CIM to retain his cell and property for him until his return to CIM, the court lacks jurisdiction to issue such an order because the order would not remedy any of the claims upon which this case proceeds. This case concerns Plaintiff's medical claim under the Eighth Amendment against defendants Horton and Chen based on events occurring before June 4, 2014, at North Kern State Prison in Delano, California. Plaintiff now requests a court order for officers at CIM in Chino, California, to act on his behalf. Because such an order would not remedy any of Plaintiff's medical claims in this case, the court lacks jurisdiction to issue the order sought by Plaintiff, and Plaintiff's motion must be denied. Additionally, and just as importantly, this Court does not currently have jurisdiction over officers at CIM.

## IV. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on April 29, 2019, be DENIED for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections is due within **ten (10) days** of the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**May 2, 2019**__                    __**/s/ Gary S. Austin**__
                                                                UNITED STATES MAGISTRATE JUDGE