**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE MCCLURE,<br><br>    Plaintiff,<br><br>v.<br><br>C.K. CHEN,<br><br>    Defendant. | Case No.: 1:14-cv-00932-DAD-GSA (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO VOID THE SETTLEMENT AGREEMENT BE DENIED<br><br>[ECF No. 100] |

On June 7, 2019, the undersigned held a settlement conference with the parties, and the case settled with the terms placed on the record. On June 17, 2019, the parties filed a stipulation for voluntary dismissal, the case was closed on June 18, 2019. (ECF Nos. 98,99.)

On June 24, 2019, Plaintiff filed a motion to void the settlement agreement. (ECF No. 100.)

**I.**

**RELEVANT BACKGROUND**

Plaintiff filed the instant action on June 4, 2014.

On March 22, 2019, Magistrate Judge Gary S. Austin determined the case would benefit from a settlement conference, and a conference was set before the undersigned on June 7, 2019. (ECF No. 84.)

On June 7, 2019, the undersigned conducted the settlement conference and the case settled and terms were placed on the record. (ECF No. 95.)

///

1

On June 17, 2019, the parties filed a stipulation for voluntary dismissal with prejudice. (ECF No. 98.)

On June 18, 2019, Magistrate Judge Gary S. Austin issued an order giving full effect to the stipulation for voluntary dismissal of the case and the case was dismissed and closed. (ECF No. 99.)

As previously stated, on June 24, 2019, Plaintiff filed a motion to void the settlement agreement. (ECF No. 100.) On January 10, 2020, the Court directed Defendant to file a response. (ECF No. 102.) Defendant filed a response on January 15, 2020.

## II.

## LEGAL STANDARD

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); accord Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002). This power only extends to the enforcement of complete settlement agreements. Callie, 829 F.2d at 890. Under federal law, there are two requirements for an oral agreement to be enforceable. First, the agreement must be complete. Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994), as amended (Nov. 22, 1994). Second, the parties must have agreed to be bound by the terms of the settlement, or have authorized their attorneys to settle the suit. Harrop v. W. Airlines, Inc., 550 F.2d 1143, 1144 (9th Cir. 1977).

In addition, "[t]he construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004) (citations omitted). Therefore, California law regarding the formation and interpretation of contracts is applied to determine whether a legally enforceable settlement agreement was reached. United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). "Under California law, settlement agreements are governed by general principles of contract law." Adams v. Johns-Manville Corp., 876 F.2d 702, 704 (9th Cir. 1989).

The essential elements of a contract under California law are: "parties capable of contracting; the parties' consent; a lawful object; and sufficient cause or consideration." Lopez v. Charles Schwab & Co., 118 Cal.App.4th 1224, 1230 (2004). "An essential element of any contract is the consent of the parties, or mutual assent." Lopez, 118 Cal.App.4th at 1230 (quoting Cal. Civ.Code, §§ 1550(2),

2

1565(2)). Mutual assent is usually manifested by an offer that is communicated to the offeree and an acceptance that is communicated to the offeror." Lopez, 118 Cal.App.4th at 1230.

"Normally if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract and the party is precluded from raising the underlying claims." Arnold v. United States, 816 F.2d 1306, 1309 (9th Cir. 1987) (citation omitted); Folsom v. Butte Cty. Assn. of Governments, 32 Cal.3d 668, 677 (1982) ("Compromise has long been favored…[A] valid compromise agreement has many attributes of a judgment, and in the absence of a showing of fraud or undue influence is decisive of the rights of the parties thereto and operates as a bar to the reopening of the original controversy." (quotations omitted)). "However, if one part breaches a settlement, the other has the option of enforcing the terms of the settlement or rescinding the settlement and suing on the original claims." Arnold, 816 F.2d at 1309 (citation omitted) (noting "for example, that the government could reinstate its case against a defendant if the defendant breached a settlement agreement." (citations omitted)).

California Civil Code section 1689 provides in pertinent part that a contract may be rescinded where (1) consent was "given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds…."; (2) consideration fails through the fault of the party as to whom he rescinds; (3) consideration "becomes entirely void from any cause"; (4) consideration, before it is rendered to the rescinding party, "fails in a material respect from any cause"; (5) "the contract is unlawful for causes which do not appear in its terms or conditions, and the parties are not equally at fault"; and (6) "the public interest will be prejudiced by permitting the contract to stand." Cal. Civ. Code § 1689(b).

Under California law, common law "[e]conomic duress can excuse an innocent party's contractual obligations when the other contracting party does 'a wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." Hicks v. PGA Tour, Inc., 897 F.3d 1109, 1119 (9th Cir. 2018) (quoting Rich & Whillock, Inc. v. Ashton Dev., Inc., 157 Cal.App.3d 1154, 1158 (1984)). "When a party pleads economic duress, that party must have had no 'reasonable alternative' to the action it now seeks to avoid (generally, agreeing to contract)." Lanigan v. City of Los Angeles, 199 Cal.App.4th 1020, 1034

(2011) (internal citation and quotation marks omitted).

## III.
## DISCUSSION

In his motion to rescind the settlement agreement, Plaintiff contends that the undersigned "badgered" him "to take the very first offer which came along which was $2500[.]" (ECF No. 100.) Plaintiff further contends that Defendants initially offered him $10,000, but he signed the agreement under duress and pressure for $6,000.00 (Id.)

Contrary to Plaintiff's contention, the case did not settle for $6,000.00; rather, both Plaintiff and Defendant agreed to settle this case for $8,500.00. (Declaration of Aseil Mohmoud (Mohmoud Decl.) ¶ 4 & Ex. A.; see also Transcript of June 7, 2019 terms of settlement.) Furthermore, Defendant submits that there was never an offer or agreement to settle the case for $10,000.00. (Mohmoud Decl. ¶ 3.) Although Plaintiff previously demanded to settle the case for $10,000.00, Defendant never agreed to settle the case for this amount. (Id.) In addition, Plaintiff has not provided any documentary evidence to support his contention that Defendant offered or agreed to settle this case for $10,000.00. (ECF No. 100.) Moreover, the record does not support Plaintiff's contention that he was "badgered" or pressured to accept the $8,500.00 offer. The undersigned read the terms of the settlement agreement on the record, and asked Plaintiff if he agreed to settle the case for $8,500.00, to which Plaintiff affirmatively responded "yes." Plaintiff was asked if he wished to add anything on the record, and he affirmatively responded "no." After reviewing the settlement agreement in the courtroom on June 7, 2019, Plaintiff signed his initials next to the settlement agreement, and signed and dated it. (Mohmoud Decl. Ex. A.) Plaintiff never gave any indication that he was dissatisfied with or opposed to the settlement. In fact, defense counsel submits, under penalty of perjury, that Plaintiff was curious how soon he could receive the funds because he was set to be released from custody. (Mohmoud Decl. ¶ 4.) Thus, Plaintiff has not plausibly established that he signed the agreement under duress and pressure. Further, Plaintiff has not alleged any facts to demonstrate that he had no reasonable alternative but to sign the settlement agreement. Accordingly, there is no basis to "void" the settlement agreement, and Plaintiff's motion should be denied.

///

4

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to void the settlement agreement, filed on June 24, 2019 (ECF No. 100), be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __January 17, 2020__

UNITED STATES MAGISTRATE JUDGE