UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MCCLURE,<br><br>    Plaintiff,<br><br>  v.<br><br>C.K. CHEN,<br><br>    Defendant. | No. 1:14-cv-00932-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO VOID THE SETTLEMENT AGREEMENT<br><br>(Doc. No. 100) |

Plaintiff George McClure is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 22, 2019, the assigned magistrate judge determine that this case would benefit from a settlement conference and referred the parties to another magistrate judge of this court for that purpose. (Doc. No. 84.) On June 7, 2019, a settlement conference was held and the parties to this action reached a settlement. (Doc. No. 95.) The parties thereafter filed a stipulation and request for voluntary dismissal with prejudice (Doc. No. 98), which the court gave effect to on June 18, 2019, (Doc. No. 99). Accordingly, on June 18, 2019, the court closed this case. (Doc. No. 99.)

On June 24, 2019, plaintiff filed a motion to void the settlement agreement based on his assertion that the magistrate judge who had presided over the settlement conference had

"badgered" him to settle the case for $6,000.00 despite the fact that he had been offered $10,000.00 before the settlement conference, and that he only signed the settlement agreement under duress and pressure. (Doc. No. 100.) On January 15, 2020, defendant filed a response to plaintiff's motion and a declaration from defendant's counsel, which attached the executed settlement agreement showing a settlement amount of $8,500.00, and in which defendant's counsel declared that, contrary to plaintiff's contention, he had never offered plaintiff $10,000.00 to settle the case. (Doc. Nos. 104, 104-1.)

On January 17, 2020, the magistrate judge who had presided over the settlement conference issued findings and recommendations recommending that plaintiff's motion to void the parties' settlement be denied because there is no basis to void the settlement agreement: plaintiff signed the agreement in the courtroom after the terms of the settlement were read on the record; plaintiff stated at that time he did not wish to add anything on the record; plaintiff never gave any indication that he was dissatisfied with or opposed to the settlement agreement that had been reached at the conference; and, in fact, plaintiff had expressed his curiosity about how soon he could receive the settlement funds. (Doc. No. 105.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (Doc. No. 105 at 5.) To date, no objections have been filed and the time for doing so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on January 17, 2020 (Doc. No. 105) are adopted in full; and
2. Plaintiff's motion to void the settlement agreement (Doc. No. 100) is denied.

IT IS SO ORDERED.

Dated: **February 25, 2020**

UNITED STATES DISTRICT JUDGE